| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

JSDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2017

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

ROBERT E. STARR and LOUISE A. STARR, SYNCHRONY FINANCIAL, UNIFUND CCR PARTNERS, MIDLAND FUNDING LLC, and JOHN DOES 1 THROUGH 10,

                Defendants.

No. 16-cv-1431 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff, the United States of America, initiated the instant action against Defendants Robert E. Starr and Louise A. Starr ("Starr Defendants"), and Synchrony Financial, Unifund CCR Partners, and Midland Funding LLC ("Bank Defendants") to foreclose on a residential mortgage. Presently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against the Starr Defendants and Plaintiff's motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against the Bank Defendants. (ECF No. 33.) For the reasons that follow, Plaintiff's motions for summary judgment and for default judgment are DENIED.

## BACKGROUND

### I. Factual Background

    On November 22, 1999, the Starr Defendants executed and delivered a secured promissory note ("the Note") whereby they agreed to pay the Rural Housing Services of the United States Department of Agriculture ("RHS") $94,430.00, plus interest at the rate of 7.125%

1



Copies mailed/faxed 9/29/2017
Chambers of Nelson S. Román, U.S.D.J.

annually, on the property located at 5 Oak Circle, Westbookville, New York 12785 ("the Property"). (Compl. ¶¶ 10-11, ECF No. 26.) As security for payment on the Note, the Starr Defendants executed and delivered a real estate mortgage ("the Mortgage") with the Note in favor of RHS covering the Property. *Id.*

On August 28, 2014, the account was accelerated for nonpayment and RHS sent a notice of default to the Starr Defendants by certified mail. (Pl.'s Rule 56.1 Statement ("Pl.'s 56.1") ¶ 4, ECF No. 37; Decl. of Carla Reese in Supp. Mot. Summ. J. ("Reese Decl.") ¶ 8, ECF No. 36.) Additionally, on February 12, 2015, RHS sent the Starr Defendants a 90-day pre-foreclosure notice ("90-Day Notice"). (Compl. ¶ 14, Ex. D.) As of September 21, 2016, a total balance— including the principal balance, interest, and related fees— of $158,472.35 remained due and owing to Plaintiff. (Pl.'s 56.1 ¶ 5; Aff. Amount Due ("Jackson Aff.") ¶¶ 13-14, ECF No. 35.)

## II. Procedural History

On February 24, 2016, Plaintiff commenced this action to collect the sum of money due and owing on the Note, and to foreclose on the Property. (ECF No. 1.) Plaintiff subsequently amended the complaint on May 18, 2018. (ECF No. 22.) Plaintiff filed its second amended complaint—the operative complaint in this action—on May 26, 2016. (ECF No. 26).

The Starr Defendants, who are proceeding *pro se* in this matter, filed an Answer to the Complaint on April 05, 2015. While there does not appear to be a docket entry of the Starr Defendants' Answer, the document appears numerous times in the docket, including in the entry for Defendants' Notice of Appearance. (Defs.' Notice of Appearance ("Notice") at 3, ECF No. 18.) The Answer contained in the Starr Defendants' Notice is stamped as having been received by the pro se office on April 05, 2016, and electronically filed on the same day. *Id.* Further, Plaintiff appended a copy of the Starr Defendants' Answer in its own letter to the court, dated

April 6, 2016. (ECF No. 19.) The Bank Defendants have not entered a Notice of Appearance in this action, nor have they filed an answer or any motion with respect to Plaintiff's Complaint. (Clerk's Certificate of Default, ECF No. 44).

Plaintiff moved for summary judgment against the Starr Defendants and default judgment against the Bank Defendants on November 10, 2016. (ECF No. 33.) Neither the Starr Defendants nor the Bank Defendants filed an opposition to Plaintiff's motion.

## SUMMARY JUDGMENT

### I. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing ... that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted).

Even when, as here, a summary judgment motion is not opposed, the moving party must nonetheless "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp.*, 477 U.S. at

3

322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 243, 247-48 (1986). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

The Court notes that Defendants are proceeding *pro se* and "it is well established that a court is obligated to afford special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). "The solicitude afforded to *pro se* litigants takes a variety of forms," most often consisting of "liberal construction of pleadings, motion papers, and appellate briefs." *Id.* As the Second Circuit has expressed, this special solicitude is especially relevant in the context of motions for summary judgment. *Jackson v. Fed. Exp.*, 766 F.3d 189, 195 (2d Cir. 2014) ("[W]e are less demanding of [*pro se*] litigants generally, particularly where motions for summary judgment are concerned"). It is through this lens of leniency towards *pro se* litigants that this Court must consider Plaintiff's motion for summary judgment against the *pro se* Defendants.

**II.    Discussion**

The Court finds that Plaintiff has not made the requisite showing to be entitled to a judgment as a matter of law against the Starr Defendants. Generally, "'[i]n a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case—with summary judgment appropriate if nothing else is shown—where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor.'" *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485 (JPO), 2015 WL 3735230, at *4 (S.D.N.Y. June 15, 2015), *appeal dismissed* (Sept. 3, 2015) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721 (ENV) (MDG), 2012 WL

2674668, at *3 (E.D.N.Y. July 5, 2012) ("*E. Sav. Bank I*"). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgager." *Ullah,* 2015 WL 3735230, at *4 (internal quotation omitted).

Plaintiffs in New York residential foreclosure actions, however, carry an even higher burden. The New York Real Property Actions and Proceedings Law ("RPAPL") imposes stringent notice requirements on lenders, assignees, and mortgage loan services in residential mortgage foreclosure actions.[1] New York courts—and, indeed, this Court—have found that compliance with these statutes is a "condition precedent" to the commencement of a foreclosure action and that a plaintiff has the burden of establishing satisfaction of that condition. *See Onewest Bank, N.A. v. Guerrero*, 14-CV-3754 (NSR), 2016 WL 3453457 (S.D.N.Y 2016), at *5; *Aurora Loan Servs*., *LLC v. Weisblum*, 85 A.D.3d 95, 96, 923 N.Y.S2d 609 (N.Y. App. Div. 2d Dep't 2011). Moreover, conclusory statements of compliance with RPAPL's requirements are not enough to satisfy Plaintiff's burden. *See Cent. Mortg. Co. v. Abraham*, 159 A.D.3d 961, 55 N.Y.S.3d 336 (N.Y. App. Div. 2017) (finding an affidavit where Plaintiff averred that notice "was sent in accordance with New York RPAPL 1304" was unsubstantiated, conclusory, and insufficient to establish Plaintiff's compliance with the statute).

In the present case, Plaintiff has failed to meet its burden of establishing compliance with RPAPL § 1303. Section 1303 requires a foreclosing party in a residential mortgage foreclosure action to attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint. N.Y. Real Prop. Acts. Law § 1303. The statute lays

---

[1] While acknowledging that there was no opposition to Plaintiff's motion, the Court notes that the Starr Defendants raised the issue of lack of proper notice under RPAPL in their Answer to the Complaint. (Answer ¶ 5-6).

out strict guidelines for the required content and form of the notice. Under the statute, the notice must: (1) be in bold, fourteen-point font; (2) be printed on different colored paper than the summons and complaint; (3) include "Help for Homeowners in Foreclosure" in the title in bold, twenty-point font; and (4) be on its own page. *Id.*

Plaintiff's Complaint, 56.1 Statement, and supporting affidavits all sorely lack any reference to § 1303's requirements; nowhere does Plaintiff claim to have provided Starr Defendants with any notice even vaguely resembling that required under § 1303. Additionally, the affidavit of service filed by Plaintiff does not reflect that Defendants were served with any §1303-compliant notice along with the summons and complaint, as required by the statute. (Aff. Service, ECF No. 17).

Similarly, Plaintiff has failed to meet its burden of establishing its compliance with RPAPL § 1304.[2] Section 1304 requires lenders, assignees, or mortgage loan servicers to transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure. N.Y. Real Prop. Acts. Law § 1304. The statute sets forth the following requirements for the notice: (1) text in fourteen-point type; (2) text stating "YOU COULD LOSE YOUR

---

[2] While the Jackson affidavit submitted by the government asserts that the present legal action is "not subject" to RPAPL § 1304 because "the Note and Mortgage is not a subprime, high cost or non-traditional home loan," a 2009 amendment to the statute "broadened its application to any 'home loan,' as redefined, not merely to high-cost home loans, subprime home loans, and non-traditional home loans." De Winter, Practice Commentary, McKinney's Cons. Laws of NY, Real Prop. Acts. Law §1304. As defined by the statute, "home loans" essentially include any loan in which (1) the borrower is a natural person, (2) the debt is incurred by the borrower primarily for personal, family, or household purposes, and (3) the loan is secured on real estate improved with a dwelling that is or will be occupied by the borrower. N.Y. Real Prop. Acts. Law § 1304(6)(b). In the present case, the RHS loan made to Defendants for "the purchase, construction, or rehabilitation of single family homes located in rural areas" (Compl. ¶ 4.) appears to satisfy the statutory definition of a "home loan."
    Further, RHS—the holder of the Note and Mortgage in the present case—seemingly satisfies the statutory definition of a "lender," making it subject to the statute's requirements. *See* N.Y. Real Prop. Acts. Law § 1304(6)(b) (defining "lender" as "a mortgage banker . . . *or an exempt organization* as defined in paragraph (e) of subdivision one of section five hundred ninety of the banking law.")(emphasis added); N.Y Banking Law § 590(1)(e) (defining "exempt organization" as "any. . . federal savings bank, federal savings and loan association, federal credit union, . . . or any instrumentality created by the United States or any state with the power to make mortgage loans").

HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY"; (3) information regarding government-approved housing counseling agencies available to assist borrowers in seeking home loan modifications; and (4) transmission of the notice via registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, the residence subject to the mortgage. *Id*.

Although Plaintiff affixed a copy of a 90-day notice to the Complaint, Plaintiff has nonetheless failed to establish its satisfaction of § 1304's mailing requirements. "New York courts have held that [i]n order to trigger the presumption of mailing, the lender under RPAPL 1304 must provide a sworn statement that the particular document—the statutory notice—was mailed by a particular person, or that a particular process, which resulted in mailing, was uniformly and diligently followed." *Ullah*, 2015 WL 3735230, at *9 (internal quotation omitted). In lieu of such an affidavit, courts have accepted as sufficient evidence of mailing "uncontroverted United States Postal Service records." *See, e.g.*, *CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *5 (E.D.N.Y. May 10, 2016). In the present action, Plaintiff has not provided a sworn affidavit attesting to the mailing procedures followed in sending the requisite notice to the Starr Defendants, nor has Plaintiff provided the Court with any USPS records to substantiate its conclusory statement that a "90-day pre-foreclosure notice was sent to the Borrowers." Compl. ¶ 14.

Accordingly, Plaintiff has failed to carry its burden of establishing compliance with RPAPL §§ 1303 and 1304 as a condition precedent to the commencement of this mortgage foreclosure action. A foreclosing mortgagee that does not clearly establish compliance with RPAPL's notice requirements "fail[s] to meet its prima facie burden of establishing its entitlement to judgment as a matter of law." *See Deutsche Bank Nat'l Trust Co. v. Spanos*, 102

A.D.3d 909, 910, 961 N.Y.S.2d 200, 202 (N.Y. App. Div. 2d Dep't 2013); *see also Bank Nat. Ass'n v. Carey*, 137 A.D.3d 894 (2nd Dept. 2016) (denying mortgagee's motion for summary judgment where "the plaintiff failed to submit an affidavit of service evincing that it properly served [defendants] pursuant to RPAPL 1304")). Plaintiff is therefore not entitled to summary judgment at this time.

**DEFAULT JUDGMENT**

Plaintiff also moves pursuant to Fed. R. Civ. P. 55 for entry of default judgment against the Bank Defendants, who have neither responded to this motion nor otherwise appeared in this action. (Mot. for Summ. J., at 8). However, Plaintiff's motion does not comply with this Court's procedures for default judgment. *See* Judge Nelson S. Román, Individual Rule of Practice in Civil Cases, *available at:* http://nysd.uscourts.gov/judge/Roman. Under this Court's rules of practice, "[a] plaintiff seeking a default judgment shall proceed by way of an order to show cause." *Id.* at 9. Plaintiff did not proceed by Order to Show Cause in the present case. Given Plaintiff's failure to comply with the necessary procedures, Plaintiff's motion for default judgment is denied without prejudice to renew.

**DISMISSAL**

Finally, the Plaintiff's Motion has requested an order dismissing John Does 1-10 from this action. This Court hereby orders such dismissal.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment against Robert E. Starr and Louise A. Starr is DENIED without prejudice to renew. Plaintiff's motion for default judgment against Synchrony Financial, Unifund CCR Partners, and Midland Funding LLC is also DENIED without prejudice to renew. Plaintiff's request to dismiss John Does 1-10 from the

present action is GRANTED. The parties are directed to appear for an in-person status conference on October 12, 2017 at 11:45 a.m. at the United States Courthouse, 300 Quarropas Street, Courtroom 218, White Plains, New York 10601. The Court respectfully directs the Clerk to terminate the motion at ECF No. 33.

Dated: September 29, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge